LUMIR PETRACEK, APPELLEE, v. HAAS O.K. RUBBER WELDERS, INC., A CORPORATION, APPELLANT.

126 N. W. 2d 466

Filed February 21, 1964. No. 35561.

Cline, Williams, Wright, Johnson, Oldfather & Thompson and Richard R. Endacott, for appellant.

Chambers, Holland, Dudgeon & Hastings, for appellee.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

YEAGER, J.

This is an action for damages based upon alleged negligence filed in the district court for Lancaster County, Nebraska, by Lumir Petracek, plaintiff, against Theo O. Haas, doing business as OK Rubber Welders, and T. O. Haas Tire Company, defendants. After the action was instituted an amended petition was filed in which Theo O. Haas remained as a party defendant and Haas O.K. Rubber Welders, Inc., a corporation, was named as a party defendant. In this wise the case was presented to the district court and is presented to this court. The plaintiff is appellee here and Haas O.K. Rubber Welders, Inc., is appellant. The action as to the defendant Theo O. Haas was decided in his favor, hence he is not a party to the proceeding in this court.

The action was pleaded in three causes of action. The first cause of action was for damages on account of alleged personal injuries to plaintiff flowing from an accident occurring on August 4, 1961, which the plaintiff claims resulted from negligence attributable to the defendant.

The second cause of action is based on the alleged negligence contained in the first cause of action and it is for damage to an automobile belonging to the plaintiff. The third cause of action was dismissed and no appeal from the dismissal was taken. No further reference to it is required.

The case was tried to a jury and a verdict was returned in favor of the plaintiff on the first cause of action for $15,000 and on the second for $1,420. Judgment was duly rendered in favor of the plaintiff and against

the defendant for the amounts specified in the verdict.

At the conclusion of the evidence and prior to the submission of the case to the jury the defendant moved for dismissal of the action or in the alternative for a directed verdict. This motion was overruled.

After the verdict was returned the defendant moved for a judgment in its favor notwithstanding the verdict or in the alternative for a new trial, which motion was overruled. It is from the order overruling this motion and the judgment that the appeal herein was taken.

A brief recital of the pleaded facts relating to causation which are the basis of the action here is that the plaintiff on or about July 22, 1961, purchased from the defendant four new tubeless automobile tires which the defendant agreed to and by its employees did install upon the four wheels of a 1960 Ford Tudor Sedan; that thereafter the plaintiff on August 4, 1961, drove on U. S. Highway No. 77 with his family to a point in the State of Kansas about 4 miles south of Florence, Kansas; that at that time the automobile became unmanageable, pulled strongly to the right shoulder, then went into the ditch on the left-hand side and turned over three times; and that the plaintiff sustained severe, painful, and permanent injuries, all of which were proximately caused by the failure of the defendant to securely tighten the lug bolts on the left rear wheel of the automobile, as the result of which the lug bolts became loosened and worn and the wheel became dislodged from its normal position and ultimately became detached from the automobile.

It is pointed out here that the acts charged against the defendant were performed by employees, but the court instructed the jury that, if they constituted negligence, they were chargeable against the defendant, and to this instruction there is no objection.

By the petition injuries to the plaintiff are pleaded as are also damages to his automobile. These allegations do not require review herein since the defendant by

answer admits that there was an accident, injuries to the plaintiff, and damage to his automobile, and does not on this appeal raise any question as to the amount fixed by the jury as damages which plaintiff sustained. By the appeal it is contended only that there was no liability on the part of the defendant.

The defendant filed an answer in which it admitted the sale and installation of the tires as pleaded by the plaintiff but denied any improper and negligent installation. Further answering the defendant in the following words said: "The defendants allege that said accident was proximately caused or contributed to by the negligence and carelessness of the plaintiff." The answer also contained the following: "Said accident occurred in the State of Kansas and Kansas does not have a comparative negligence statute similar to the comparative negligence statute of the State of Nebraska." These allegations of the answer will be adverted to herein.

A review of the evidence on which the determination here must be made discloses that the plaintiff was the owner of a 1960 Ford automobile which he had purchased at about Thanksgiving Day of 1959; that he alone operated it and had operated it about 42,000 miles up to the time the new tires were purchased in July 1961; that after the change of tires until he started on the trip referred to he had driven it 50 to 60 miles; that thereafter on the trip and up to the time of the accident he operated it about another 200 miles; and that after he had traveled on the trip about 200 miles the automobile became unmanageable and the right wheels left the traveled portion of the right side of the road and moved forward on that side for a distance of about 249 feet, then came back and went forward about 129 feet when it left the road and turned over in the ditch about 500 feet from the point where it became unmanageable.

Returning to the incident of the change of tires and the connected subsequent event, the evidence discloses

that the plaintiff, at the place of business of the defendant, arranged for and purchased four new tires; that the old tires were removed and were replaced by the new tires; that the plaintiff did not participate in making the change of tires; that after the change was made he was informed his automobile was ready; and that he observed that the left rear hubcap had not been replaced whereupon he started to replace it, but an employee of the defendant intervened and replaced the hubcap. Immediately after this the plaintiff drove the automobile away and used it as has already been stated up to and including the time of the accident.

After the accident the automobile was removed by a tow car to which it was attached. After it had been removed a distance of about ½ mile the left rear wheel came off and the corner of the automobile dropped to the road. The hubcap was removed and inside were found the nuts from the five stud bolts which were necessary to hold the wheel in proper position for use. There was no appreciable damage to the threads of either the nuts or bolts. There was some enlargement in the holes through which the bolts passed which are not closely described. There were some metal particles found which probably were produced by the action which caused the enlargement of the holes which were for the passage of the bolts which secured the wheel to the hub.

These bolts were for the purpose of securing the wheel to the hub and to secure the wheel it was necessary that the nuts should be firmly tightened on the stud bolts which extended from the inner side of the hub outward to the outside of the attached wheel. This attachment properly involves the tightening of the nuts to the extent of the threads on the bolts. This involves about nine or ten turns. Usually approximately two turns are made by hand and the remainder by a mechanical device designed for that purpose. This was the practice employed in the business of the defendant, and the prac-

tice which the defendant urges was employed in this instance.

Liability here depends upon whether or not, from the evidence, it may be said that the wheel was properly, sufficiently, and safely installed before the automobile was removed, and if it may be said that it was not so installed, was that negligence the proximate cause of the accident and the injuries and damages sustained by the plaintiff?

The identity of the employee or employees who changed the tires is not certainly known, and this is also true as to the identity of the employee who replaced the hubcap before the automobile was taken away. There is no direct information as to the position of the nuts on the bolts at the time the hubcap was placed on the wheel. It is known that the other three hubcaps had been replaced but the one for the left rear wheel was lying on the floor under the wheel from which position it was picked up and put in place by an employee of the defendant. No one suggests that any duty devolved on the plaintiff to ascertain whether or not the wheel had been properly attached.

The plaintiff, to sustain his allegations of negligence, adduced evidence to prove that his automobile would not and could not have become unmanageable and the accident would not have happened if the wheel had been properly installed, and particularly if the nuts had been tightened on the bolts. This conclusion was based by witnesses on the evidence of findings which have been reviewed herein coupled with inferences arrived at by witnesses who disclosed a familiarity gained by general experience in the installation and observations thereafter of such matters, and on the testimony of an engineer who testified as an expert witness.

Without going into detail as to the testimony of these witnesses it may be said that the thus stated opinions and inferences were that failure to properly tighten the nuts on the lug bolts allowed and caused them to

drop off and that this was the cause of the loss of control of the automobile and of the accident in which the plaintiff was injured and damaged, or in other words was the proximate cause.

There was no competent evidence of probative value in the case supporting a reasonable inference other than the one contended for by the plaintiff. It is true that stud bolt nuts could be removed from bolts other than as the plaintiff contends, but nothing in the nature of a hypothetical situation or otherwise was advanced which embodied a situation such as was involved in this case.

It must be said therefore that the only reasonable inference which flows from the evidence in this case is the one contended for by the plaintiff.

It is of course true from what has been said herein that the proof of negligence is dependent upon circumstantial evidence. In this connection the defendant asserts that the evidence of causation is insufficient to satisfy the burden exacted by the circumstantial evidence rule.

To support its contention that here the circumstantial evidence rule was not satisfied by the evidence in the case the defendant cites Howell v. Robinson Iron & Metal Co., 173 Neb. 445, 113 N. W. 2d 584, and other cases. In that case it was said: "The burden of establishing a cause of action by circumstantial evidence requires that such evidence, to be sufficient to sustain a verdict or require submission of a case to a jury, shall be of such character and the circumstances so related to each other that a conclusion fairly and reasonably arises that the cause of action has been proved."

In the case it is also stated: "The burden of a plaintiff, relying on circumstantial evidence to sustain a cause of action for damages, does not require him to exclude the possibility that damages flowed from some cause other than the one on which he relies." See, also, Bedford v. Herman, 158 Neb. 400, 63 N. W. 2d 772; Baer v. Schaap, on rehearing, 171 Neb. 347, 106 N. W. 2d 468.

By the terms of these pronouncements this was a case which the court was required to submit to a jury for determination. There was no evidence which required submission under any other theory.

The defendant urges that the verdict should be set aside on the ground that the court instructed the jury erroneously and in a misleading manner on the question of contributory negligence. The contention however is without substantial merit. There was, in the light of the record, no basis for the giving of an instruction with relation to a defense of contributory negligence. There was no pleading of a specific act of contributory negligence. None was mentioned in the alternative motion for new trial or for judgment notwithstanding the verdict and none in the assignments of error, and from the record made it becomes clear that there was no competent evidence of probative value to sustain such a defense.

A party claiming contributory negligence as a defense has the burden of proving it. Mundy v. Davis, 154 Neb. 423, 48 N. W. 2d 394; Garska v. Harris, 172 Neb. 339, 109 N. W. 2d 529. In this case there was a total absence of proof.

In the light of the absence of proof of contributory negligence it was error for the court to instruct at all on contributory negligence, but this was in nowise prejudicial to the defendant. The total effect was to give the defendant by the instruction the benefit of a rule of law to which it was not entitled, which, if it had any effect at all, favored the defendant.

The defendant urges that it is entitled to reversal of the judgment on the ground that the court erroneously admitted in evidence the opinion of an expert witness as to causation of the accident and also the opinion of another witness not qualified as an expert as to causation.

As to the latter of these witnesses he did in a practical sense testify from past experience and knowledge as to the effect of improper tightening of nuts on lug bolts and in effect gave it as his opinion that the cause of the

accident was failure to properly tighten the nuts on the bolts. Whether or not he be denominated an expert, he demonstrated by his testimony expert knowledge in the field of inquiry. It appears that both of the witnesses should be regarded as within the classification generally known as expert witnesses.

Ordinarily it is error to permit an expert witness to give his opinion on the ultimate fact to be determined by the jury. Danner v. Walters, 154 Neb. 506, 48 N. W. 2d 635.

This however is not an invariable rule. In McNaught v. New York Life Ins. Co., on motion for rehearing, 143 Neb. 220, 12 N. W. 2d 108, a departure is contained. It is there stated: "It is not a valid objection to the evidence of an expert that the answer covers the whole ground the jury are to decide, if the case is one to be wholly resolved by such evidence." See, also, Medelman v. Stanton-Pilger Drainage Dist., 155 Neb. 518, 52 N. W. 2d 328; Brown v. Globe Laboratories, Inc., 165 Neb. 138, 84 N. W. 2d 151. The case here is one which comes within the exception to the general rule. The court did not err in admitting the testimony of these witnesses.

The assignments of error as grounds for reversal are without substantial merit, and the judgment of the district court should be and it is accordingly affirmed.

AFFIRMED.