GRACE A. WATTS, APPELLEE, V. GEORGE ZADINA, APPELLEE, IMPLEADED WITH MUTUAL OF OMAHA INSURANCE COMPANY, A NEBRASKA CORPORATION, APPELLANT.

139 N. W. 2d 290

Filed January 4, 1966. No. 36023.

Haney, Walsh & Wall, for appellant.

Frost, Meyers & Farnham and John B. Abbott, for appellee Watts.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, BROWER, and McCOWN, JJ.

CARTER, J.

Plaintiff, Grace A. Watts, brought this action for damages for injuries sustained in an automobile collision between an automobile driven by her and one operated by the defendant, George Zadina. The Mutual of Omaha Insurance Company was made a party defendant, plaintiff's petition alleging that Zadina was an employee of Mutual and engaged in the business of the employer at the time of the collision. The jury returned a verdict for $8,000 against each of the defendants. Mutual has appealed. Zadina did not appeal and the judgment has become final as to him.

The primary and controlling issue on the appeal is whether or not the evidence is sufficient to sustain a judgment that Zadina was acting within the scope of his employment with Mutual at the time of the accident. Motions for a directed verdict and judgment notwithstanding the verdict were made by Mutual at proper stages of the trial.

The collision occurred at the intersection of Vinton Street and Hanscom Boulevard in Omaha, Nebraska, on

January 2, 1962. Plaintiff was traveling west on Vinton Street and Zadina was traveling south on Hanscom Boulevard immediately prior to the collision. Questions of negligence and contributory negligence were determined by the jury, and no error is assigned as to the correctness of the manner in which these issues were submitted. Mutual complains by proper assignment of error that a verdict should have been directed in its favor because of insufficient evidence to submit to the jury the question as to whether or not Zadina was engaged in the business of Mutual at the time of the accident.

The evidence shows that Zadina was employed by Mutual from December 1961, until November 1962. His position was that of an inspector and investigator of new applicants for insurance and questionable claims. He was paid a flat salary and furnished his own automobile for which he was paid on a mileage basis. He was assigned no days or hours of work, and he handled the work assigned to him as he chose. He reported the results of his investigations as they were completed. Mutual had no information as to when he was working for the company or engaged in his personal pursuits. Immediately following the accident Zadina called Mutual and it sent one Jack Clark, an employee of Mutual, to the scene of the accident. At the time of trial the whereabouts of Zadina was unknown. Clark was a resident of Sacramento, California, and did not testify. It was on this evidence that the trial court submitted the issue as to whether Zadina was in the course of his employment at the time of the accident. It is Mutual's contention that the evidence is insufficient to sustain a reasonable and logical inference that Zadina was in the scope of his employment when the accident occurred.

The record presents a close question of fact. Zadina was an employee of Mutual. Days and hours were not assigned for the performance of his work, nor does it appear that he worked in a limited area. Mutual knew that he used his automobile in the performance of his

work because it paid him mileage for using his car. At the time of the accident Zadina was driving south, a direction away from both his home and Mutual's place of business. Mutual had a rule that employees were to report any and all accidents to it in writing. Zadina made no such report, but Clark did report the accident orally to a superior officer. Zadina was paid a flat salary and it is argued that it is presumed that he worked usual working hours. He was a full-time employee. From this it is argued that since the accident occurred on a Tuesday at 10:45 a.m., it may be inferred that he was performing service for Mutual. The evidence shows that immediately following the accident Zadina reported it by telephone to Mutual and that Mutual sent Clark to the scene of the accident. It is argued that this indicates the accident was in the course of the employment. The telephone call was not, of course, in compliance with Mutual's requirement that all automobile accidents by its employees be reported in writing.

The accident occurred on January 2, 1962, and according to the evidence Zadina remained in the employ of Mutual until November 1962. The petition in this action was filed on October 25, 1962, at a time when Zadina was in the employ of Mutual, the record showing that Zadina remained in Mutual's employ until the day after election in that year, to wit, November 6, 1962. The employment of Zadina is admitted and Mutual offered no evidence that he was not in its service at the time of the accident. From this it is argued that Mutual had the means of obtaining the evidence of Zadina and that its failure in this respect constitutes a circumstance favorable to the plaintiff. In support thereof plaintiff cites Morris v. Equitable Life Assurance Society, 109 Neb. 348, 191 N. W. 190, wherein it is said: "It is a rule well established that uncontradicted evidence should ordinarily be taken as true, and that where the evidence tends to establish a fact which it is within the power and to the interest of the opposing party to dis-

prove if false, his failure to attempt to disprove it strengthens the probative force of the evidence tending to prove it." See, also, Edwards v. Gisi, 45 F. Supp. 17. In relating the foregoing rule to the case at bar we hold that in a circumstantial evidence case uncontradicted evidence should ordinarily be taken as true, and failure to attempt to disprove what could have been disproved, if false, though not substantive proof, strengthens the probative force of such evidence. The weight and credibility of the evidence remains, however, with the trier of the facts.

The burden of proof is upon the plaintiff to establish that Zadina was engaged in the service of Mutual at the time of the accident. Klentz v. Transamerican Freightlines, Inc., 173 Neb. 53, 112 N. W. 2d 405. Proof that an employee was in the service of his employer at the time of an accident may be established by circumstantial evidence. Goodwin v. Omaha Printing Co., 131 Neb. 212, 267 N. W. 419. The burden of establishing a cause of action by circumstantial evidence requires that such evidence, to be sufficient to sustain a verdict or require submission to a jury, must be of such character and the circumstances must be so related to each other that a conclusion fairly and reasonably arises that the cause of action has been proved. Howell v. Robinson Iron & Metal Co., 173 Neb. 445, 113 N. W. 2d 584; Petracek v. Haas O. K. Rubber Welders, Inc., 176 Neb. 438, 126 N. W. 2d 466. Whether the act was done in the execution of the employer's business, within the scope of his employment, is a question of fact. Each case must be determined in the light of the surrounding facts and circumstances, the character of the employment, and the nature of the wrongful act. Whether or not the act was or was not such as to be within the scope of the employment is, ordinarily, one of fact for the determination of the jury. LaFleur v. Poesch, 126 Neb. 263, 252 N. W. 902; Niemeyer v. Forburger, 172 Neb. 876, 112 N. W. 2d 276.

The unavailability of Zadina to testify does not, of course, remove the only source of proof as to whether or not he was engaged in his employer's business at the time of the accident. That he was so engaged may be shown by the facts and circumstances existing before and at the time of the accident. Mutual admits that Zadina was a full-time employee, being paid on a flat salary basis. The accident occurred on a work day within usual working hours. At the time of the accident he was not at a place from which he was restricted by his employment agreement. When the accident occurred he called his employer, who sent another employee, Clark, to the scene of the accident. The employee sent to the scene of the accident was Mutual's selection and not that of Zadina. There is nothing to indicate that the telephone call was made and Clark sent to the scene of the accident other than because of the employer-employee relationship. Mutual has not produced, nor offered, any evidence indicating that Zadina was engaged in his personal pursuits at the time of the accident. Under these circumstances we think a jury could reasonably and fairly infer that Zadina was in the course of his employment at the time of the accident. This being true, the trial court did not err in submitting the case to the jury. Since this determination disposes of all assignments of error adverse to Mutual's contentions, the judgment of the district court is affirmed.

AFFIRMED.