LUCILLE O'DELL, ADMINISTRATRIX OF THE ESTATE OF JUDD MARION O'DELL, DECEASED, APPELLANT, V. TILDEN A. GOODSELL ET AL., APPELLEES.

30 N. W. 2d 906

Filed February 6, 1948.    No. 32306.

*George W. Leamer* and *Carlos W. Goltz,* for appellant.

*Warner & Warner, John E. Newton, Mark J. Ryan,* and *Cook & Cook,* for appellees.

Heard before SIMMONS, C. J., PAINE, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ., and LANDIS, District Judge.

YEAGER, J.

This is an action by Lucille O'Dell, administratrix of the estate of Judd Marion O'Dell, deceased, plaintiff and appellant, against Tilden A. Goodsell, Sheriff of Dakota County, Nebraska, and Sun Indemnity Company of New York, a corporation, surety on the official bond of the sheriff, defendants and appellees, to recover damages for the death of the plaintiff's decedent on account of alleged negligence of the defendant sheriff.

On a trial of the cause to a jury on motion of defendants made at the conclusion of the evidence for plaintiff, the cause was dismissed on the ground that the evidence failed to sustain a cause of action in favor of plaintiff and against the defendants.

A motion for new trial was filed by plaintiff. This motion was overruled. From the judgment of dismissal and the ruling on the motion for new trial plaintiff has prosecuted this appeal.

The errors assigned are that the court erred in sustaining the motion of defendants to dismiss plaintiff's cause of action and erred in overruling plaintiff's motion for new trial.

The only question therefore for determination here is that of whether or not the charges of negligence or some of them were sustained by sufficient evidence to require submission of the issue of negligence to a jury. No evidentiary aid may be had in determining this question from any declarations of a pleading since all declarations of fact bearing upon the question of negligence made by plaintiff have been denied by defendants

and likewise all such declarations made by the defendants have been denied by the plaintiff.

It becomes necessary to ascertain what plaintiff charges to be negligence and then to ascertain whether or not the acts charged could amount to negligence, and if they could amount to negligence, then were they supported by sufficient evidence for submission to a jury. As indicated, for the purpose of ascertaining whether or not there was sufficient evidence for submission to a jury resort may properly be had only to the bill of exceptions.

On the night of December 20, 1943, the plaintiff's decedent and Ted Summers, also deceased, were locked in the county jail of Dakota County, Nebraska. At what time or for what reason or in what condition the bill of exceptions does not disclose. Apparently the sheriff and no one in his behalf remained in close proximity to the jail during the remainder of the night. In any event no one was there the following morning at about 7:15 a. m. when the caretaker of the courthouse arrived. Soon after his arrival the caretaker smelled smoke and on investigation found that the smoke was coming from the jail. He then went to the sheriff's office where he procured a key which he used to open the door of the jail. On opening the jail he found it filled with dense smoke. He entered and found plaintiff's decedent and Ted Summers on the floor of the jail, both dead.

An accurate description of the jail is not found in the bill of exceptions but this much is clear, that there was a hall or corridor and two cells. Each cell had two bunks. The jail had a cement floor, an outer door, an inner door, and two windows having clouded glass. The inner door was not closed but the outer was and plaintiff's decedent had no means of call or communication through this door. The windows apparently were hinged on the bottom and latched at the top and opened inward. The latches were about seven feet from the

floor. These windows were closed but could have been opened by the plaintiff's decedent. There was no means provided for communication from the jail through the windows or otherwise. Plaintiff's decedent was not confined to or excluded from any portion of the jail.

When found neither the body of Ted Summers nor anything in his immediate proximity was burned. The outer clothing of plaintiff's decedent which apparently had been removed and what appeared to have been mattresses or bed clothing and equipment on which he had lain had been destroyed by fire and his body was badly burned. There was no evidence of struggle on the part of either of the deceased persons.

A doctor who had examined the plaintiff's decedent after his death was called and testified that he died from suffocation.

It is on these facts that plaintiff predicates her charge of negligence against the defendant sheriff. She asserts that his negligence consisted of the following: (1) That the defendant sheriff failed to have a guard or custodian in charge of the jail, (2) that the defendant sheriff failed to provide fire protection on the night in question, and (3) that the defendant sheriff failed to provide proper ventilation for the jail, which failure was responsible for the death of the plaintiff's decedent.

Negligence is also predicated upon the proposition that the sheriff permitted Ted Summers, an intoxicated person, to be at large in the jail and to have and use matches therein, but this must be disregarded since there is no evidence that Ted Summers was intoxicated or that he or any one else had or used any matches in the jail. Also no error is predicated on this charge.

We think it is a sound statement of legal principle to say that if plaintiff's decedent came to his death because of the failure of the defendant to exercise due care for his safety then the defendant is bound to respond in damages for his failure.

The sheriff is by statute given charge and custody of the county jail and it is his duty to receive and keep until discharged all prisoners lawfully committed. § 23-1703, R. S. 1943.

The sheriff is obligated to faithfully discharge all duties required of him by law and he and the surety on his official bond are required to respond in damages to any person for a breach of this duty. § 11-112, R. S. 1943.

Beyond statutory requirements a sheriff is bound to exercise in the control and management of the jail the degree of care requisite to the reasonably adequate protection of the prisoners or inmates. Ratliff v. Stanley, 224 Ky. 819, 7 S. W. 2d 230, 61 A. L. R. 566; 57 C. J., Sheriffs and Constables, § 512, p. 899; Kusah v. McCorkle, 100 Wash. 318, 170 P. 1023; Eberhart v. Murphy, 110 Wash. 158, 188 P. 17, on rehearing, 113 Wash. 449, 194 P. 415; State of Indiana v. Gobin, 94 F. 48.

The general rule in negligence cases is that if reasonable minds may honestly find that acts or omissions constitute negligence the question of negligence is for the jury. Johnson v. Mallory, 123 Neb. 706, 243 N. W. 872. See, also, Patterson v. Kerr, 127 Neb. 73, 254 N. W. 704; Markussen v. Mengedoht, 132 Neb. 472, 272 N. W. 241.

The rule in the case of a charge that a sheriff as jailer has failed in the duty he owes a prisoner in his custody in consequence of which the prisoner is injured or suffers death is not different from the one obtaining generally in negligence cases. Eberhart v. Murphy, supra.

Under the decisions cited we are of the opinion that the facts charged could amount to negligence. These decisions also point to a conclusion that the question of the existence of negligence under the circumstances outlined in the bill of exceptions was one of fact and not one of law.

We think it was error for the trial court to refuse to submit to a jury the failure of the sheriff to provide a

guard for the jail in its described condition and the proper inferences to be drawn from such failure. We also think it was error for the court to refuse to submit to a jury the question of the adequacy of ventilation under the circumstances and the failure to make outside communication available and the proper inferences to be drawn from these circumstances.

We think that the question of whether or not the sheriff under the circumstances failed to respond to his duty to the plaintiff's decedent, in the light of the potential for danger of which he knew or in the ordinary exercise of his faculties for observation and understanding should have known, was a question for determination by a jury.

Accordingly it must be said that there was sufficient evidence upon which to submit the issue of negligence of the defendant sheriff to a jury and the court erred in dismissing plaintiff's action.

The judgment of the district court is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.

LANDIS, District Judge, dissenting.

Regretfully, I find myself in disagreement with the majority opinion.

Time was when absolute liability was the rule. Absolute liability for one's acts is today the exception; there must be some tinge of fault, whether willful or negligent. We must inject into ancient formalism and conjectures a common sense more appropriate to our time.

The determination of the dismissal should under all circumstances be in harmony with what a rational and fair person would do. In weighing conflicting interests, the interest that is better founded and more worthy of protection should prevail. It is not what I believe is right. It is what I may reasonably believe some other man of normal intellect and conscience might reasonably look upon as right.

Appellant pleads seven acts of negligence. The evidence in support thereof completely fails to show any

causal relationship between these and any acts or omissions of the sheriff. On the other hand, it shows that the sheriff at all times acted as an ordinary and reasonably prudent officer should act.

The record amply sustains what appellant states in her brief: "We believe that the fair inferences from the facts are that the deceased pulled out the four small mattresses from the bunks in the jail, put them in the southeast corner of the bull pen, laid down on them with a lighted cigarette that set fire to the edge of the mattresses and the mattresses smoldered there until all of the oxygen in the room was gone and both of the men suffocated to death therefrom. The deceased man's body evidently was burned after his death because there was no evidence of a struggle whatsoever."

The deceased came to his death by his own carelessness. For this tragic death the sheriff is in no way legally or morally responsible. The experienced trial judge properly entered an order of dismissal, which should be affirmed by this court.