HAROLD BAYSE, DOING BUSINESS AS BAYSE POULTRY FARM, APPELLEE, V. TRI-COUNTY FEEDS, INC., A CORPORATION, APPELLANT.

203 N. W. 2d 171·

Filed January 5, 1973.    No. 38536.

Haessler, Sullivan & Inbody, for appellant.

Michael R. O'Malley of Walsh, Walentine, Wolfe & Miles and David A. Johnson, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

NEWTON, J.

This is an action to recover for fire damage to a building alleged to have occurred as a result of defendant's negligence. Verdict and judgment were for plaintiff. We affirm the judgment of the district court.

Defendant leased three frame structures from plaintiff for use in raising chickens. The undisputed evidence reflects the following facts. The buildings were 20 feet by 320 feet and situated about 40 feet apart. In the center between two of the buildings was located a wire mesh incinerator used to burn dead chickens. There were dead grass and weeds between buildings but a space of 1 to 2 feet around the incinerator was bare. A center room in each building contained hoppers for automatic feeders and a furnace. The burned building also contained electric motors to operate fans and feed augers, and three gas-fired brooders. The incinerator was made use of about 9:30 a.m. on the day of the fire. At noon defendant's employee sprayed the contents of the incinerator with water and left for lunch. He drove by on the road at about 1 p.m. and did not notice anything amiss but on returning 30 minutes later found the building was on fire. The fire started near the central part of the 320-foot-long building.

The brooders were in operation and the defendant's

employee testified he shut off the gas and electricity on discovering the fire. An expert witness testified that in his opinion the fire originated in the incinerator, giving as his principal reason the existence of a fire path between the incinerator and the central portion of the building.

Assignments of error refer to the admission of the expert testimony as to the cause of the fire, the denial of an instruction on contributory negligence, and the sufficiency of the evidence.

The objection to the expert testimony is that it refers to an ultimate fact relating to the cause of the fire. The witness was a local fire chief with many years experience and although some of the facts upon which his opinion was based were questionable, this presented a question of credibility for the jury. In McNaught v. New York Life Ins. Co., on rehearing, 143 Neb. 220, 12 N. W. 2d 108, it is stated that: "It is not a valid objection to the evidence of an expert that the answer covers the whole ground the jury are to decide, if the case is one to be wholly resolved by such evidence." To the same effect is Petracek v. Haas O.K. Rubber Welders, Inc., 176 Neb. 438, 126 N. W. 2d 466. Determination of the cause of a fire is often beyond the knowledge and experience of the ordinary person and requires a special type of training and experience.

In regard to the failure to instruct on contributory negligence, the transcript reveals that contributory negligence was not pleaded. Contributory negligence is an affirmative defense which must be pleaded. See Tempero v. Adams, 153 Neb. 331, 44 N. W. 2d 604.

The assignment that the evidence is insufficient to support the judgment presents a more serious problem. This appears to be a borderline case. On the basis of the evidence adduced, we believe the jury could reasonably have found that the fire originated with the incinerator, but was negligence established? Three grounds of negligence are alleged, viz., starting a fire in a wire

mesh incinerator in close proximity to the buildings; permitting a fire in an area surrounded by dry weeds; and in leaving the fire unattended. There is evidence that all three factors were present and we are constrained to hold that whether or not it constituted negligence was for the jury to determine. Ordinarily the question of the existence of negligence or contributory negligence is one for the jury. See, O'Dell v. Goodsell, 149 Neb. 261, 30 N. W. 2d 906; Krepcik v. Interstate Transit Lines, 152 Neb. 39, 40 N. W. 2d 252.

The judgment of the district court is affirmed.

AFFIRMED.