CITY OF LINCOLN, NEBRASKA, APPELLANT AND CROSS-APPELLEE, V. REALTY TRUST GROUP, INC., APPELLEE AND CROSS-APPELLANT.

705 N.W.2d 432

Filed November 4, 2005.   No. S-04-813.

588

Dana W. Roper, Lincoln City Attorney, and Margaret M. Blatchford for appellant.

Douglas W. Ruge II for appellee.

WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

MILLER-LERMAN, J.
## NATURE OF CASE
Appellant, the City of Lincoln, Nebraska, initiated this condemnation action in the county court for Lancaster County against appellee, Realty Trust Group, Inc. (Realty Trust), as part of a widening project for O Street in Lincoln. The property condemned included the right of access for one of two driveways that provided access to Realty Trust's property from O Street. Pursuant to statute, the county court appointed three appraisers to appraise the property and determine the damages sustained by Realty Trust.

Following the return of the appraisers' award, the city filed a petition with the district court for Lancaster County, and Realty Trust filed a responsive pleading seeking additional relief.

The district court case was tried to the court. Prior to trial, the city filed a motion to prevent Realty Trust's expert witness, a real estate appraiser, from testifying at trial regarding the after-taking value of the property for the reason that the expert's opinion was unreliable under the framework set forth in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993), and adopted by this court in *Schafersman v. Agland Coop*, 262 Neb. 215, 631 N.W.2d 862 (2001). The district court treated the motion as a motion in limine and overruled the city's motion. The city renewed its motion during trial, and the district court again overruled the motion.

Following the trial, the district court entered judgment for Realty Trust in the amount of $174,940. The city filed a motion for new trial, and Realty Trust filed a motion to alter or amend the judgment. The city's new trial motion was denied. Realty Trust's motion to alter or amend the judgment was sustained, in part. In connection with this ruling, the district court indicated that it had relied on the opinion of Realty Trust's expert and that having determined that it made an error in its calculation of the award, the district court increased the judgment by $9,853, for a total judgment in favor of Realty Trust of $184,793. The city appeals, and Realty Trust cross-appeals. We conclude that with the exception of the district court's failure to award attorney and expert witness fees to Realty Trust, the district court did not err. Accordingly, we affirm in part, and in part reverse, and remand with directions.

## STATEMENT OF FACTS

In July 2002, the city initiated a condemnation proceeding in the county court for Lancaster County to condemn certain commercial property belonging to Realty Trust as part of a widening project for O Street in Lincoln. The record reflects that Realty Trust's property is located generally on the southwest corner of 70th and O Streets and consists of an irregularly shaped parcel with approximately 575 feet of frontage along the south side of O Street and approximately 345 feet of frontage along the west side of 70th Street.

In the condemnation proceeding, the city sought to obtain fee title to a portion of Realty Trust's property. The city also sought a temporary easement during construction and permanent easements for sanitary sewer and for street lighting. Finally, because part of the widening project involved creating a right-turn lane from O Street onto 70th Street, the city sought to acquire the right of access for the easternmost of the two driveways that provided access to Realty Trust's property from O Street. In argument before this court, the parties agreed that the loss of this right of access as a component of the after-taking value of Realty Trust's property is the focus of this appeal.

Following the city's initiation of its condemnation proceeding, the county court appointed three appraisers. The three appraisers returned a report awarding Realty Trust $124,693 in damages as a result of the city's taking. The city filed a petition in the district court for Lancaster County objecting to the appraisers' report. In its responsive pleading filed in district court, Realty Trust also took issue with the damages awarded in the appraisers' report.

Before trial, the city moved to prevent Realty Trust's expert witness, Robin Spence, a real estate appraiser, from testifying at trial. On January 23, 2004, the district court held an evidentiary hearing on the city's motion to determine whether to admit Spence's testimony. The city couched its argument as one directed to the reliability of Spence's testimony and sought exclusion under *Schafersman v. Agland Coop*, 262 Neb. 215, 631 N.W.2d 862 (2001). In *Schafersman*, this court adopted the framework for evaluating expert testimony set out in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993), and its progeny (*Daubert/Schafersman*). Realty Trust opposed the motion and argued that *Daubert/Schafersman* was not implicated and that the city's challenge to Spence's testimony was a conventional challenge directed to the foundation of Spence's opinion.

In its "Order Re: Motion in Limine on Defendant's Expert" filed February 3, 2004, the district court denied the city's motion, stating that "[t]his case is to be tried to the court. In this context, the court finds that the motion should be denied."

The case came on for trial to the court on March 23 and 24, 2004. Six witnesses testified at trial, including Richard Keith,

the city's expert witness, and Spence. At the commencement of the trial, the parties stipulated that the only issue before the court was the compensation due Realty Trust as a result of the taking.

During trial, Spence testified that he was a real estate appraiser with approximately 19 years' experience appraising property. He further testified that he was a member of the Appraisal Institute, signifying his completion of a 5-year evaluation period during which peers in the appraisal industry evaluated his appraisal skills. He also testified that he was required to complete continuing education in order to retain this membership designation. Spence stated that he appraised on average "around [one] hundred" properties per year, approximately half of which were commercial properties.

During Spence's testimony, the city renewed its objection, claiming that Spence was "not qualified to make an opinion on damages." The district court overruled the city's objection without comment. Spence was permitted to testify.

During trial, Keith and Spence agreed on a number of areas regarding the after-taking value of Realty Trust's property. Keith and Spence both stated that the highest and best use of the property was "vacant for redevelopment." Further, both experts agreed that Realty Trust had sustained $54,543 in damages due to the city's taking of the temporary easement, the permanent easement, and the property in fee. The primary area of difference between the two experts' opinions centered on the impact on the after-taking value of Realty Trust's property due to the loss of one of the two driveways that provided access to Realty Trust's property from O Street. Keith valued the loss of the right of access at $100. Spence described the methodology he employed and thereafter stated that in his opinion, the loss of value due to the closing of the driveway was $527,423. According to Keith's testimony, the value of the entire taking was $54,793. Spence valued the taking at $582,216.

The evidence adduced at trial also included the testimony of Robert Weigel, who, along with his wife, was the owner of Realty Trust. Weigel testified that the present value of the property in 2002 was $201,464. Also included in the record is a copy of a 1979 judgment and order issued by the district court for Lancaster County in docket 257, page 193, on an application for

a writ of mandamus filed by Weigel and his wife against the State of Nebraska, Department of Roads, and the City of Lincoln. The mandamus action involved the same property that is the subject of this condemnation proceeding and was based, in part, upon a 1970 settlement between Weigel and the State of Nebraska, Department of Roads. In the 1970 settlement, the State, in summary, agreed to build a driveway permitting access to Weigel's property from O Street. According to the 1979 judgment in docket 257, page 193, the district court, relying in part upon the 1970 settlement, ordered the city to remove traffic signs restricting access to Realty Trust's easternmost driveway from O Street, concluding that the "placement of signs on either side of [the] driveway reading 'DO NOT ENTER' constitute[d] a taking of property . . . without due process."

Following the conclusion of the bench trial in the instant case, the district court entered judgment on April 12, 2004, in favor of Realty Trust in the amount of $174,940. The city filed a motion for new trial, and Realty Trust filed a motion to alter or amend the judgment. In its motion for new trial, the city raised a number of issues concerning Spence's testimony. The city's motion for new trial was overruled.

Realty Trust's motion to alter or amend the judgment was sustained in part. In support of its posttrial motion, Realty Trust had argued, inter alia, that the district court erred in its calculation of damages. Acknowledging that the values it had used were based on Spence's opinion, the district court agreed with Realty Trust's argument and concluded that it had made an error in its April 12, 2004, order in valuing the temporary easement. The district court concluded that "[t]his error was carried into the calculation of the judgment in this case." The district court ordered that the judgment awarded in favor of Realty Trust be increased by $9,853, for a total judgment of $184,793.

In its motion to alter or amend the judgment, Realty Trust had also argued that the district court erred in failing to award it its attorney and expert witness fees under Neb. Rev. Stat. § 76-720 (Reissue 2003). The district court overruled that portion of Realty Trust's motion to alter or amend the judgment, stating that "fees should not be awarded."

The city appealed, and Realty Trust cross-appealed.

## ASSIGNMENTS OF ERROR

The city assigns seven errors that can be restated as four. The city claims, restated, that the district court erred (1) in overruling the city's *Daubert/Schafersman* motion in relation to Spence's opinion testimony, including failing to make specific findings of fact in its order overruling the motion; (2) in overruling the city's foundational objections to Spence's opinion testimony; (3) in awarding compensation to Realty Trust attributable to the loss of access from O Street as a result of the taking; and (4) in overruling the city's motion for new trial.

For its cross-appeal, Realty Trust assigns four errors that can be restated as three. Realty Trust claims, restated, that the district court erred (1) in finding that Realty Trust was not entitled to its attorney and expert witness fees under § 76-720, (2) in overruling Realty Trust's objection to the city's expert witness' review of Spence's appraisal, and (3) in its award of damages as a result of the city's condemnation action.

## STANDARD OF REVIEW

Generally, a trial court's ruling in receiving or excluding an expert's testimony which is otherwise relevant will be reversed only when there has been an abuse of discretion. *Smith v. Colorado Organ Recovery Sys.*, 269 Neb. 578, 694 N.W.2d 610 (2005). A judicial abuse of discretion requires that the reasons or rulings of a trial judge be clearly untenable, unfairly depriving a litigant of a substantial right and a just result. *Id.*

## ANALYSIS

### APPEAL: THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION BY ADMITTING SPENCE'S TESTIMONY

On appeal, the city claims that the district court erred in overruling the city's motion to exclude Spence's expert opinion evidence. The city urges us to apply a *Daubert/Schafersman* analysis to this issue. We decline to do so and determine that the district court did not abuse its discretion in admitting Spence's testimony and in according it the weight it deserved.

We have noted:

Neb. Evid. R. 702, Neb. Rev. Stat. § 27-702 (Reissue 1995), provides that "[i]f scientific, technical, or other

specialized knowledge will assist the trier of fact to under-stand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise." Pursuant to Neb. Rev. Stat § 27-705 (Reissue 1995), "an expert's opinion is ordinarily admissi-ble if the witness (1) qualifies as an expert, (2) has an opinion that will assist the trier of fact, (3) states his or her opinion, and (4) is prepared to disclose the basis of that opinion on cross-examination."

*Heistand v. Heistand*, 267 Neb. 300, 309-10, 673 N.W.2d 541, 549 (2004).

■ We have previously stated that Neb. Evid. R. 702, Neb. Rev. Stat. § 27-702 (Reissue 1995), is part of the statutory scheme that governs the admissibility at trial of expert opinion testimony regarding the value of real estate. *Hiway 20 Terminal, Inc. v. Tri-County Agri-Supply, Inc.*, 232 Neb. 763, 443 N.W.2d 872 (1989). As noted above in our standard of review, generally, a trial court's ruling in receiving or excluding an expert's testi-mony which is otherwise relevant will be reversed only when there has been an abuse of discretion. *Smith v. Colorado Organ Recovery Sys., supra*. A judicial abuse of discretion requires that the reasons or rulings of a trial judge be clearly untenable, unfairly depriving a litigant of a substantial right and a just result. *Id.*

■ Four preliminary questions must be answered in order to determine whether an expert's testimony is admissible: (1) whether the witness qualifies as an expert pursuant to rule 702; (2) whether the expert's testimony is relevant; (3) whether the expert's testimony will assist the trier of fact to understand the evidence or determine a controverted factual issue; and (4) whether the expert's testimony, even though relevant and admis-sible, should be excluded in light of Neb. Evid. R. 403, Neb. Rev. Stat. § 27-403 (Reissue 1995), because its probative value is substantially outweighed by the danger of unfair prejudice or other considerations. *State v. Duncan*, 265 Neb. 406, 657 N.W.2d 620 (2003); *Childers v. Phelps County*, 252 Neb. 945, 568 N.W.2d 463 (1997). The record reflects that prior to the trial in this case, the city filed a motion objecting to Spence's

expert appraiser testimony and challenging the admissibility of his opinion concerning damages. On January 23, 2004, an evidentiary hearing was held on the city's motion, at which hearing numerous affidavits, depositions, and other exhibits were admitted. The district court permitted oral argument on the motion, and the parties were allowed to submit written argument following the hearing. Thereafter, in an order filed February 3, the district court overruled the motion, stating that the "case is to be tried to the court. In this context, the court finds that the motion should be denied."

On appeal, the city challenges the district court's receipt of Spence's expert testimony in which he rendered an opinion concerning the after-taking value of the property, which opinion served as a basis for the district court's award of damages. Spence's opinion was derived, in part, from his experience, his examination of other commercial properties, and his review of land sales.

The city couches its objection to Spence's opinion in terms of reliability and, therefore, argues that consideration of the admissibility of Spence's testimony should be made under the *Daubert/Schafersman* framework, which replaced the standard set forth in *Frye v. United States*, 293 F. 1013 (D.C. Cir. 1923), and shifted the focus of the inquiry regarding the admissibility of certain expert testimony to an assessment of reliability and methodology. Realty Trust responds that the core of the city's argument is an objection to the foundation of Spence's expert opinion that does not implicate *Daubert/Schafersman* and should be analyzed under a conventional expert opinion analysis. We agree with Realty Trust.

As stated in its brief, the city objected to Spence's opinion, which was based on the comparable sales method, because of a "lack of comparable sales for the after-taking value" and because of certain assumptions. Brief for appellant at 15. Realty Trust notes that the city's objection essentially takes issue with the comparables which Spence selected and with the fact that Spence's opinion was based on such comparables. In this regard, Realty Trust correctly notes that we have stated that the determination of similarity of comparable tracts for purposes of admissibility and the determination of damages is left largely to

the discretion of the fact finder. See *Thacker v. State*, 193 Neb. 817, 229 N.W.2d 197 (1975).

We recognize that expert testimony should not be received if it appears the witness is not in possession of such facts as will enable him or her to express a reasonably accurate conclusion, as distinguished from a mere guess or conjecture. *Scurlocke v. Hansen*, 268 Neb. 548, 684 N.W.2d 565 (2004). That is, an expert's opinion should be rejected if the record does not support a finding that the expert had a sufficient foundation for his or her opinion. *Id*. A perceived weakness with the sufficiency of an expert's foundation, however, does not necessarily translate into a challenge under *Daubert/Schafersman*. Given the nature of the city's concern regarding Spence's testimony, we determine, in this bench trial, that a *Daubert/Schafersman* hearing was not indicated and that the district court properly treated the matter as the subject of a motion in limine.

It has been observed that *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993), "does not create a special analysis for answering questions about the admissibility of all expert testimony." *U.S. v. Sinclair*, 74 F.3d 753, 757 (7th Cir. 1996). Indeed, we have previously noted that not every attack on expert testimony amounts to a *Daubert/Schafersman* claim. *Smith v. Colorado Organ Recovery Sys.*, 269 Neb. 578, 694 N.W.2d 610 (2005) (stating that challenge to expert witnesses' credibility is not *Daubert/Schafersman* claim). Elsewhere, it has been stated with regard to scientific opinions that "if it is a technique of uncontroverted validity [the *Daubert*] inquiry can be resolved by judicial notice." *In re Paoli R.R. Yard PCB Litigation*, 35 F.3d 717, 744 n.10 (3d Cir. 1994). See, also, *U.S. v. Johnson*, 56 F.3d 947 (8th Cir. 1995) (noting that because court had previously determined DNA profiling was reliable under *Daubert*, courts in future could take judicial notice of finding of reliability). In this regard, we note that provided there is adequate foundation, materiality, and relevance, we have long accepted the comparables method for valuation as a valid approach, and we determine that we need not reconsider its validity on this occasion. See *Wear v. State of Nebraska*, 215 Neb. 69, 75, 337 N.W.2d 708, 713 (1983) (stating in eminent domain case that

"evidence as to the sale of comparable property admissible as evidence of market value").

In the area of condemnation, the courts have been especially reluctant to exclude expert opinions regarding damages under a *Daubert* analysis, noting that the gatekeeper function of *Daubert* is not intended to serve as a replacement for the adversary system. See, e.g., *U.S. v. 14.38 Acres of Land, Sit. in Leflore Cty. MS*, 80 F.3d 1074 (5th Cir. 1996). In this regard, it has been noted that proper deference should be shown to the fact finder as the arbiter of conflicting opinions in condemnation cases and that "[t]his is especially true in an eminent domain action, in which '[e]xpert opinion testimony acquires special significance . . . where the sole issue is the value of condemned property.' " *Id.* at 1077. See, similarly, *Guadalupe-Blanco River Authority v. Kraft*, 39 S.W.3d 264 (Tex. App. 2001), *reversed on other grounds* 77 S.W.3d 805 (Tex. 2002).

The record reflects that Spence demonstrated he had sufficient knowledge, skill, training, and education to establish himself as an expert in real estate appraisal. Pursuant to rule 702, Spence demonstrated that he had a reliable basis in knowledge and experience in the discipline. Thus, he was qualified to testify as an expert witness on the issues of values and damages. See *Nebraska Nutrients v. Shepherd*, 261 Neb. 723, 626 N.W.2d 472 (2001). Spence's testimony was based on an accepted approach to appraisals, was relevant, and was designed to assist the trier of fact as to the controverted issues of values and damages. The district court did not abuse its discretion in receiving Spence's testimony into evidence.

In the instant case, the city's objection to Spence's expert opinion is properly treated as a foundational objection under rule 702, and the record shows Spence's opinion had a sufficient foundation to be admitted. The distinction between admissibility and weight, however, becomes critical. See *Perry Lumber Co. v. Durable Servs.*, 266 Neb. 517, 667 N.W.2d 194 (2003). In a bench trial, an expert's testimony will be admitted under rule 702 and given the weight to which it is entitled. See, generally, *Eicher v. Mid America Fin. Invest. Corp., ante* p. 370, 702 N.W.2d 792 (2005) (stating that in bench trial, it is presumed court considered only competent and relevant evidence). We

note that it has been observed elsewhere in a case involving challenges to the admissibility of experts' opinions, regarding the value of a mobile home and mold and air quality in a mobile home, that the

> majority of Plaintiff's objections attack the credibility of the testimony by trying to establish that the experts did not have adequate information prior to making their determination. . . . [I]t is not this Court's responsibility to determine the correctness of the overall opinion. Plaintiff's objections are more properly the subject of cross-examination than a *Daubert* motion.

*Pizal v. Monaco Coach Corp.*, 374 F. Supp. 2d 653, 656 (N.D. Ind. 2005). Similarly, in the instant case, the district court did not abuse its discretion in admitting Spence's opinion testimony and, following cross-examination, crediting his testimony in some degree in its determination of damages.

For the reasons stated above, we determine the city's assignments of error related to this issue are without merit.

### APPEAL: THE CITY'S REMAINING ASSIGNMENTS OF ERROR ARE WITHOUT MERIT

We have considered the city's remaining assignments of error, and we conclude they are without merit.

### CROSS-APPEAL: THE DISTRICT COURT ABUSED ITS DISCRETION BY DENYING REALTY TRUST AN AWARD OF ATTORNEY AND EXPERT WITNESS FEES

In its cross-appeal, Realty Trust assigns as error the district court's refusal to award Realty Trust its attorney and expert witness fees. Pursuant to § 76-720, when both parties object to the award of the appraisers "and the final judgment is greater in any amount than the award, the court may in its discretion award to the condemnee a reasonable sum for the fees of his or her attorney and for fees necessarily incurred for not more than two expert witnesses." In this case, both parties objected to the award of the appraisers, and the district court's judgment exceeded the appraisers' award.

We have reviewed the record and note that the instant case was subject to considerable pretrial activity; the trial lasted 2

days, including the presentation of numerous witnesses and documentary evidence; and the case was complex. The district court gave no reason for the denial of attorney and expert witness fees. In view of the increase in the final award, Realty Trust was eligible for attorney and expert witness fees under § 76-720.

Given the record presented on appeal, we conclude the district court abused its discretion in failing to award Realty Trust the fees for its attorney and up to two expert witnesses. Accordingly, we reverse that portion of the district court's order that denied Realty Trust its attorney and expert witness fees and remand the cause with directions to award Realty Trust a reasonable sum for its attorney fees and for the fees necessarily incurred by up to two of its expert witnesses.

CROSS-APPEAL: REALTY TRUST'S REMAINING
ASSIGNMENTS OF ERROR ARE WITHOUT MERIT

We have considered Realty Trust's remaining assignments of error, and we conclude they are without merit.

CONCLUSION

For the reasons stated above, we conclude that the district court did not abuse its discretion in its receipt of evidence and its reliance thereon in making its award. We further conclude, however, that given the record in the instant appeal, the district court abused its discretion in failing to award Realty Trust's attorney and expert witness fees when both parties objected to the initial appraiser award and the district court's judgment exceeded the appraisers' award. Accordingly, we affirm the district court's judgment in this case in all respects, except for that portion of the judgment that denied Realty Trust its attorney and expert witness fees, and we remand the cause to the district court with directions to award attorney and expert witness fees in accordance with the provisions of § 76-720.

AFFIRMED IN PART, AND IN PART REVERSED
AND REMANDED WITH DIRECTIONS.

HENDRY, C.J., not participating.