DONALD SCOTT SCURLOCKE, PERSONAL REPRESENTATIVE
OF THE ESTATE OF DONALD ROY SCURLOCKE, DECEASED,
APPELLANT, V. GREGORY HANSEN, APPELLEE.

684 N.W.2d 565

Filed August 6, 2004.   No. S-03-442.

Michael B. Kratville for appellant.

Patrick E. Brookhouser, Jr., of McGrath, North, Mullin & Kratz, P.C., L.L.O., for appellee.

HENDRY, C.J., CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

PER CURIAM.

### NATURE OF CASE

Donald Roy Scurlocke sued Gregory Hansen seeking to recover for damage to trees on his property which allegedly occurred while Hansen was making preparations for the construction of a fence between their properties. Prior to trial,

Scurlocke died; however, the action was revived in the name of Scurlocke's personal representative, Donald Scott Scurlocke. Thus, when we refer to "Scurlocke" hereinafter, all such references shall be to Donald Scott Scurlocke. The Douglas County District Court sustained Hansen's motion for directed verdict and dismissed Scurlocke's petition. Scurlocke appeals.

## FACTS

The petition which initiated this action alleged that Hansen had destroyed and/or removed hundreds of trees from the Scurlocke property and destroyed a fence that separated their adjacent properties. The petition further alleged that Hansen's actions caused special damages of approximately $29,390 to the trees and an unknown value to the fence. The petition also asserted that under Neb. Rev. Stat. § 25-2130 (Reissue 1995), which version was in effect at the time the alleged destruction occurred, any damages awarded should be trebled.

Hansen filed a motion for summary judgment, which the district court sustained in part on the claim for treble damages, finding that § 25-2130 was unconstitutional under *Abel v. Conover*, 170 Neb. 926, 104 N.W.2d 684 (1960). The court denied the motion as to the sufficiency of the causation and damages. Scurlocke subsequently filed a third amended petition which did not include a request for treble damages.

Prior to trial, Hansen filed a motion in limine asking the district court to exclude all testimony by James Slater, a retired arborist who was to be called as an expert by Scurlocke. At a hearing on the motion, Slater testified that an arborist prunes, maintains, fertilizes, installs, and removes trees and shrubs. Slater received a bachelor of science degree in forest management from Colorado State University. Slater said he had no formal training in the type of estimating work he did in this case because none is available. He testified that he had experience estimating costs for between 125 and 150 residences after storm damage to trees for tax and insurance purposes and that the first step in making such an estimate is to make a visual inspection.

Slater testified that he went to the Scurlocke property and attempted to "visualize" from the remaining trees and shrubs what plants had been in the area prior to the alleged damage. He

stated that the area where the alleged damage occurred contained a variety of trees and shrubs that had grown over time. Slater testified that he based his opinion as to the property line on information given to him by Scurlocke. When Slater returned to the property at a later time, he observed a fence and determined that some of the trees he previously believed to be on the Scurlocke property were actually on Hansen's property.

Slater also testified at the hearing on the motion in limine that he looked at nearby areas where there was no damage and attempted to determine what actions were necessary to return the area to its original condition. He took no measurements, but based his estimate of damage on his visual inspection. Slater took notes at the time, but the notes do not indicate whether he saw any stumps where trees had been knocked down. Slater estimated that the cost for replacement of trees which had been destroyed would be $13,190 and that the cost for a 2-year maintenance program for the trees would be $15,600. Slater acknowledged that he had never undertaken a similar maintenance program in Nebraska and had never completed a damage estimate in a similar case where there was bulldozer damage to trees.

The district court sustained Hansen's motion in limine, finding that Slater's pretrial testimony contained opinions that had not been verified or tested and that the visualized estimate of damage and maintenance plan did not rest on a reliable foundation.

At trial, Slater was asked his opinion to a reasonable degree of "horticultural probability" as to the damage sustained by Scurlocke as a result of Hansen's actions, and Hansen's objection was sustained. As an offer of proof, Scurlocke offered testimony from the hearing on the motion in limine.

Contrary to the allegations made in Scurlocke's petition, Hansen testified that he had hired a person with a bulldozer to clear some of the land near the property line separating the Hansen and Scurlocke properties. Hansen claimed that after the fence was erected, he walked along the property line and saw no evidence that trees had been knocked down on the Scurlocke property.

The district court sustained Hansen's motion for directed verdict and dismissed the petition. Hansen's counterclaims were subsequently dismissed.

## ASSIGNMENTS OF ERROR

Scurlocke's assignments of error, summarized, assert that the district court erred in sustaining the motion in limine and failing to admit Slater's testimony into evidence, granting Hansen's motion for directed verdict, and granting Hansen's motion for summary judgment with respect to the availability of treble damages.

## STANDARD OF REVIEW

■ An appellate court will not consider an issue on appeal that was not presented to or passed upon by the trial court. *In re Interest of Ty M. & Devon M.*, 265 Neb. 150, 655 N.W.2d 672 (2003).

■ To be considered by an appellate court, an alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error. *In re Estate of Matteson*, 267 Neb. 497, 675 N.W.2d 366 (2004).

■ In reviewing a trial court's ruling on a motion for directed verdict, an appellate court must treat the motion as an admission of the truth of all competent evidence submitted on behalf of the party against whom the motion is directed; such being the case, the party against whom the motion is directed is entitled to have every controverted fact resolved in its favor and to have the benefit of every inference which can reasonably be deduced from the evidence. *Hamilton v. Bares*, 267 Neb. 816, 678 N.W.2d 74 (2004).

■ A trial court's ruling in receiving or excluding an expert's testimony which is otherwise relevant will be reversed only when there has been an abuse of discretion. *Carlson v. Okerstrom*, 267 Neb. 397, 675 N.W.2d 89 (2004).

## ANALYSIS

### Admission of Expert Testimony

We first consider Scurlocke's assertion that the district court erred in sustaining the motion in limine and failing to admit Slater's testimony into evidence. We have held that in those limited situations in which a court is faced with a decision regarding the admissibility of expert opinion evidence, the trial judge must determine at the outset, under Neb. Evid. R. 702, Neb. Rev. Stat. § 27-702 (Reissue 1995), whether the expert is proposing to testify to (1) scientific, technical, or other specialized knowledge that (2) will assist the trier of fact to understand or determine a

fact in issue. This entails a preliminary assessment as to whether the reasoning or methodology underlying the testimony is valid and whether that reasoning or methodology properly can be applied to the facts in issue. *Carlson v. Okerstrom, supra.*

The district court sustained Hansen's motion in limine to exclude Slater's testimony, noting that Slater testified that he had no formal training in this type of estimating, that this was the only time he had utilized the method, and that the estimates for replacement and maintenance of trees and shrubs were based on Slater's "visual estimation." The court found that Slater's testimony contained opinions that had not been verified or tested and that his estimates did not rest on a reliable foundation.

Slater testified that although he had experience estimating costs for a number of residences after storm damage to trees for tax and insurance purposes, he had no experience estimating damages where trees were damaged by a bulldozer. Slater's methodology involved walking around the Scurlocke property and trying to "visualize" where trees had been prior to the construction of Hansen's fence. Slater's estimate was based on the cost to restore the property to its original condition, even though there was no evidence presented that he had ever seen the property prior to the alleged damage. Slater testified that he took no measurements and did not attempt to establish any sort of grid to determine the number of trees in a certain area for comparison. Slater testified that for his initial inspection, he relied on information from Scurlocke to determine the property line. Slater later determined that some of the trees he initially believed to be on Scurlocke's property were actually on Hansen's property.

■ Expert testimony should not be received if it appears the witness is not in possession of such facts as will enable him or her to express a reasonably accurate conclusion, as distinguished from a mere guess or conjecture. *Gourley v. Nebraska Methodist Health Sys.*, 265 Neb. 918, 663 N.W.2d 43 (2003). The district court properly excluded Slater's testimony. Although Slater may have specialized knowledge, the record does not support a finding that he had a sufficient foundation for his opinion regarding the damage to the trees.

Scurlocke also raises an estoppel argument, suggesting that Hansen should not be allowed to argue that Slater's testimony

did not qualify as expert opinion because Hansen destroyed the evidence, i.e., the trees, that Slater needed to support his opinion. The issue of equitable estoppel was not raised in the district court during the hearing on the motion in limine or at trial, and it cannot be raised for the first time on appeal. An appellate court will not consider an issue on appeal that was not presented to or passed upon by the trial court. *In re Interest of Ty M. & Devon M.*, 265 Neb. 150, 655 N.W.2d 672 (2003).

In addition, Scurlocke asserts that even if Slater's testimony was properly excluded, the district court should have awarded him nominal damages. Scurlocke raises this issue in his argument concerning the admission of expert testimony, but it is not specifically assigned as error. To be considered by an appellate court, an alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error. *In re Estate of Matteson*, 267 Neb. 497, 675 N.W.2d 366 (2004). Therefore, we will not address this alleged error.

None of the assignments of error related to Slater's testimony have merit. The district court properly granted the motion in limine and did not abuse its discretion in excluding Slater's opinion testimony. A trial court's ruling in receiving or excluding an expert's testimony which is otherwise relevant will be reversed only when there has been an abuse of discretion. *Carlson v. Okerstrom*, 267 Neb. 397, 675 N.W.2d 89 (2004). The district court correctly determined that Slater's opinion lacked proper foundation.

DIRECTED VERDICT

Scurlocke also claims the district court erred in granting Hansen's motion for directed verdict. A directed verdict is proper at the close of all the evidence only when reasonable minds cannot differ and can draw but one conclusion from the evidence, that is to say, when an issue should be decided as a matter of law. *Hamilton v. Bares*, 267 Neb. 816, 678 N.W.2d 74 (2004). In reviewing a trial court's ruling on a motion for directed verdict, an appellate court must treat the motion as an admission of the truth of all competent evidence submitted on behalf of the party against whom the motion is directed; such being the case, the party against whom the motion is directed is

entitled to have every controverted fact resolved in its favor and to have the benefit of every inference which can reasonably be deduced from the evidence. *Id.*

The district court sustained Hansen's motion for directed verdict, finding that it had not received or heard evidence that specific damage was done to the Scurlocke property. The court noted that Scurlocke did not offer specific testimony concerning damage to trees on his father's property. The court stated that it was offered no credible evidence as to the amount of damage.

Scurlocke argues there was ample evidence to conclude that the trees which were damaged were on his father's property. However, we agree with the district court's finding that the only evidence presented concerning the location of the damaged trees was the testimony of Scurlocke that trees were removed from the Scurlocke side of the property line. Scurlocke's testimony was imprecise. He stated merely that trees were removed from his father's property and placed in a pile 50 yards away. Scurlocke did not testify as to the number of trees that were damaged or the size of the area where the alleged damage occurred.

The district court concluded that there was no evidence as to the amount of damage to the Scurlocke property. We find that no inferences can be drawn from the evidence which would allow reasonable minds to differ as to this conclusion. The district court did not err in granting Hansen's motion for directed verdict and dismissing Scurlocke's petition.

### OTHER ASSIGNMENTS OF ERROR

Because we conclude that the district court did not err in excluding Slater's testimony or in directing a verdict in favor of Hansen, it is not necessary to address Scurlocke's other assignments of error.

### CONCLUSION

The judgment of the district court is affirmed.

AFFIRMED.

WRIGHT, J., participating on briefs.